310

## In the Matter of The Honorable Elizabeth W. HAMMOND.

### No. 13S00–8810–JD–862.

Supreme Court of Indiana.

Aug. 31, 1990.

Edward O. Delaney, Arend J. Abel, Barnes & Thornburg, Indianapolis, for respondent.

John A. Hargis, Rockport, Meg W. Babcock, Bruce A. Kotzan, Indiana Com'n on Judicial Qualifications, for appellant.

## JUDICIAL DISCIPLINE

PER CURIAM.

The Indiana Commission on Judicial Qualifications (Commission) and the Respondent, the Honorable Elizabeth W. Hammond, Judge of the Crawford Circuit Court, have entered into and now tender for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. The Commission initiated the above-captioned cause with the filing of a Notice of Institution of Formal Proceedings and Statement of Charges and an Amended Notice of Institution of Formal Proceedings and Statement of Charges against the Respondent under the authority of Admission and Discipline Rule 25 and pursuant to I.C. 33–2.1–6–10.

The Commission's Amended Statement of Charges contained three counts of alleged misconduct. The first two counts related to alleged actions of Respondent as an attorney at a time prior to becoming judge of the Crawford Circuit Court. The third count related to alleged misconduct as a judge.

Count I of the Statement of Charges alleged that Respondent undertook the representation of one Boyd Campbell who sought assistance in the execution of a new will. Prior to this representation Campbell had executed a will whereby he purported to disinherit his wife and where he did disinherit several of his children, including a daughter, Wanda Faye Bradshaw. It was alleged that Respondent personally knew Bradshaw and that Respondent allowed Bradshaw to dictate terms to be included in her father's new will, all without the father's knowledge. At the time of execution of the new will it was alleged that Respondent read certain passages to Campbell for his approval, but that after execution inserted pages containing the material dictated by Bradshaw.

Count II of the Amended Statement of Charges asserted that roughly sixteen months after the execution of the new will, Respondent went to Campbell's house to have Campbell execute a power-of-attorney. It was alleged that Respondent returned to her office with another will of Boyd Campbell's and that she directed her secretary to witness this will even though the secretary had not been present when Campbell signed this will. In addition, it was alleged that on this second will pre-

pared by Respondent the typed execution date appeared to have been typewritten over another date which happened to be the execution date of the first will Respondent prepared for Campbell.

Under the facts alleged in Counts I and II the Commission charged that Respondent's conduct constituted conduct prejudicial to the administration of justice that brings the judicial office into disrepute and that such conduct occurred within six years prior to commencement of Respondent's current term of office. It was specifically alleged that Respondent was in flagrant violation of the Code of Professional Responsibility, Indiana Rules of Court, 1983 and 1985, in that she engaged in illegal conduct involving moral turpitude, DR 1–102(A)(3), and engaged in conduct involving dishonesty, fraud, deceit, misrepresentation, and in conduct adversely reflecting on her fitness to practice law, DR 1–102(A)(4), (5), (6); and that Respondent failed to preserve the confidences of her clients, DR 4–101, failed to exercise independent professional judgment on behalf of her clients, Canon 5, and failed to avoid the appearance of impropriety, DR 9–101. The Commission sought Respondent's removal from office and permanent suspension from the practice of law pursuant to Indiana Code 33–2.1–6–4.

In Count III the Commission alleged that while serving as Judge of the Crawford Circuit Court, the Respondent maintained a fiduciary relationship with Wanda Faye Bradshaw as her attorney-in-fact under a power-of-attorney. Wanda Bradshaw apparently owned a property which she rented to Peggy Hammond, a person unrelated to the Respondent. The rent for the property was paid from the Clerk of the Crawford Circuit Court pursuant to an assignment portion of Ms. Hammond's child support income. Respondent was not the judge in Ms. Hammond's support and dissolution case that gave rise to the rent payments from the Clerk of the Crawford Circuit Court. When a dispute arose between Ms. Hammond and Wanda Faye Bradshaw over some damage to the leased property it was alleged that Respondent ordered the Clerk of her court to take an additional $100 from the child support payment, over and above the amount assigned, and to forward the money to Wanda Faye Bradshaw.

Under the facts alleged in Count III the Commission alleged that the Respondent engaged in conduct prejudicial to the administration of justice that brings the judicial office into disrepute. I.C. 33–2.1–6–4. Specifically, the Commission alleged that Respondent violated Canon 1 of the Code of Judicial Conduct in failing to uphold the integrity and independence of the judiciary; the Respondent violated Canon 2 in that she failed to avoid the appearance of impropriety and engaged in conduct destructive to the public's confidence in the integrity and impartiality of the judiciary and allowed her social relationships to influence her judicial conduct; the Respondent committed a knowing intentional abuse of office in violation of Canon 2 in that she lent the prestige of her office to advance the private interests of Wanda Faye Bradshaw; that Respondent violated Canon 3 in that she considered and acted upon *ex parte* communication and denied Peggy Hammond her right to be heard according to law; that Respondent violated Canon 3 by requiring staff and other court officials to observe standards of fidelity and diligence; and that Respondent violated Canon 5 by serving as a fiduciary for other than a family member.

Respondent filed an answer which denied most of the factual allegations and all three charges of misconduct. Thereafter, Special Masters were appointed by this Court to conduct the hearing on this case.

Just prior to the hearing the parties reached an agreement which they have tendered to this Court for approval. The agreement entitled Statement of Circumstances and Conditional Agreement for Discipline contains a section of agreed facts. It was agreed that the controversy surrounding the will of Boyd Campbell and the disposition of his assets was a matter of common knowledge in English, Indiana, partly because some of the children were very open about the dispute with friends. Respondent acknowledged that she was

aware of the controversy and that she had in fact prepared several deeds re-distributing property within the Campbell family in July and August, 1983. Respondent also acknowledged that prior to Boyd Campbell's call on August 3, 1983, to set up an appointment for the preparation of a new will, Wanda Faye Bradshaw called and expressed her dissatisfaction with a prior will of Boyd Campbell which had been prepared by another attorney, and asked if Respondent could prepare a new will for Boyd Campbell. The prior will favored a brother of Wanda Faye Bradshaw. During this period Respondent had also prepared a will for Zola Bradshaw, the wife of Boyd, in which Wanda Faye Bradshaw was the sole beneficiary except that Boyd was allowed his "lawful share."

Respondent recognized that she represented Boyd and Zola Campbell when she knew there was considerable controversy among the clients and their family, including threats from Zola that she would leave Boyd if he did not include Wanda in his will. Respondent drafted several will drafts for Boyd Campbell which reflected various dispositions of his property. On September 19, 1983, Boyd executed a will that included Wanda as a contingent beneficiary with a $4000 deduction to offset a debt owed by Wanda to Boyd. Zola was given a life estate in the family residence. In February, 1985, Respondent drafted another will which gave Zola fee simple to the marital residence and gave Wanda a full one-third share of Boyd's estate. Respondent acknowledged that this will was not valid since only she was a witness. In 1986 Boyd did properly execute a will that had the same terms as the February, 1985 will.

In connection with the 1983 will, Respondent admits that she permitted the impression that she was subject to influence by someone other than her client and that this was improper. Respondent also acknowledges that she did maintain and exercise a power-of-attorney for the benefit of Wanda Faye Bradshaw, a non-family member, after assuming the bench.

The parties have agreed that the above conduct and admissions warrant discipline and propose that Respondent be suspended as Judge of the Crawford Circuit Court for a period of ninety (90) days without pay, and that she be suspended from the practice of law for the same period, with automatic reinstatement as an attorney and Judge of the Crawford Circuit Court after the suspension. In addition, the Respondent agrees not to seek re-election as Judge of the Crawford Circuit Court in 1992.

As an attorney the Respondent has admitted that she improperly allowed it to appear that she was open to improper influence in connection with her legal representation of Boyd Campbell. This Court finds that Respondent failed to avoid the appearance of impropriety under DR 9–101, by allowing it to appear that the exercise of her independent professional judgment on behalf of a client was compromised.

As a judge, this Court finds that Respondent continued to keep and exercise a power-of-attorney for the benefit of Wanda Faye Bradshaw, a non-family member, in clear violation of Canon 5 of the Code of Judicial Conduct. This Court further finds that such conduct is a violation of the requirement under Canon 2 of the Code of Judicial Conduct to avoid the appearance of impropriety. Finally, this Court finds that such conduct is conduct prejudicial to the administration of justice that brings the judicial office into disrepute under I.C. 33–2.1–6–4.

In light of the foregoing facts and findings of misconduct, this Court concludes that the agreed discipline, a suspension from office without salary, for a period of ninety (90) days, a suspension from the practice of law for the same ninety (90) days, and a bar to seeking re-election to the position of Judge of the Crawford Circuit Court in 1992, is appropriate.

IT IS THEREFORE ORDERED that the Statement of Circumstances and Conditional Agreement for Discipline entered into by the parties is hereby approved. Accordingly, the Respondent, Elizabeth W. Hammond, is hereby suspended from office and from the practice of law for a period of ninety (90) days commencing on September

10, 1990. Reinstatement to office and as a member of the bar shall automatically occur on December 10, 1990. In addition, Respondent is barred from seeking re-election to the office of Judge of the Crawford Circuit Court in 1992.

Attorney Ann Marie Sedwick is hereby appointed to serve as Judge Pro Tempore of the Crawford Circuit Court during the period of Respondent's suspension.

The Clerk of this Court is directed to send a copy of this opinion to all counsel of Record; to Attorney Ann Marie Sedwick; to Ann G. Devore, Auditor of the State of Indiana, and to the Auditor of Crawford County, Indiana.